**Thomas Edward MANLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61682.**

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

Rehearing Denied June 23, 1982.

---

1. Failure to object at trial did not waive the     right. *Estelle v. Smith,* supra, at footnote 12.

William C. Odeneal, Jr., Dallas, for appellant.

Gene Knize, County Atty., Constance Smith McGuire and Steven A. Kelley, Asst. County Attys., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Appellant was convicted in a bench trial of theft of services over the value of five (5) dollars but less than twenty (20) dollars by deception, threat and false token. See V.T.C.A., Penal Code, § 31.04.

The punishment assessed was confinement in the county jail for ten (10) days and a fine of $100.00, probated.

On original submission appellant's conviction was affirmed over his contention, inter alia, that the evidence was insufficient to prove the requisite intent to commit the offense charged. In determining this question on original submission, the panel opinion relied in part, at least, upon the statutory provision that intent to avoid payment is presumed if the actor absconded without paying for the service under circumstances where payment is ordinarily made immediately upon the rendering of the service, as in hotels, restaurants and comparable establishments.

V.T.C.A., Penal Code, § 31.04, provides in pertinent part that

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token;

\* \* \* \* \* \*

"(b) For purposes of this section, intent to avoid payment is presumed if

"(1) the actor absconded without paying for the service in circumstances where payment is ordinarily made immediately upon rendering of the service, as in hotels, restaurants, and comparable establishments . . . ."

The key word in V.T.C.A., Penal Code, § 31.04(b)(1), the presumed intent section, is "absconded." The Penal Code does not define "abscond" or "absconded." We must therefore determine the meaning of "absconded" pursuant to Article 5429b–2, Subchapter (B), § 2.01, V.A.C.S. (Code Construction Act), which reads:

"Sec. 2.01. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

Abscond is defined in 1 C.J.S. 349 as:

"To absent one's self clandestinely; to absent or withdraw one's self privately; to conceal one's self clandestinely with intent to avoid legal process; to go in a clandestine manner out of the jurisdiction of the court; to lie concealed in order to avoid process of the court; and means something more than a temporary absence."

Webster's Third New International Dictionary, p. 6, gives the following definition for abscond: "Withdraw, flee; to depart secretly; withdraw and hide oneself; to evade the legal process of a court by hiding within or secretly leaving its jurisdiction."

Black's Law Dictionary, Fifth Ed., p. 9, defines abscond: "To go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed in order to avoid their process. To hide, conceal, or absent oneself clandestinely, with the intent to avoid legal process."

And in the case of *Snyder v. St. Paul Mercury Indemnity Co.*, 191 S.W.2d 107, 110 (Tex.Civ.App.—Galveston, 1945, writ ref. w. m.), it was stated that "abscond" was con-

strued to mean "to hide oneself; to retire from the public view; generally used of persons in debt, or criminals eluding the law; to go away hurriedly and secretly."

With this background, we turn to the facts of the case.

The appellant and his three young children ordered meals in the Grubsteak Restaurant in Waxahachie on September 18, 1978. Two of the children ordered junior spaghetti dinners, one chose a junior chicken fried steak dinner and the appellant ordered a chopped sirloin steak. After being served, a waitress approached their table and inquired if everything was all right. Two of the children complained their spaghetti was cold, sticking together and the portions were small. They had eaten a substantial portion of what was served. The other child complained his chicken fried steak was not done, and appellant stated his chopped sirloin steak was too rare. The waitress returned the steaks to the kitchen where they were re-cooked. When the waitress brought the bill appellant asked if an adjustment could be made because the steaks had now been overcooked and had not been eaten in their entirety. An offer to return the steaks to the kitchen was refused. The waitress went with the bill to the cashier-hostess, the wife of the complaining witness. The hostess went to the table and made inquiry and then left to confer with her husband, the complaining witness, who was the cook on the occasion in question. After five, six or so minutes after the hostess did not return, the appellant went to the unmanned cash register and left his printed business card with his name and business address and his telephone number. On the reverse side he wrote "Call me when you decide. Res: 937–5300." No effort was made to contact the appellant. The police were called, and the appellant was arrested. There was nothing to show that the address or telephone numbers were false or deceptive.

Appellant testified that there was no intent of "not paying," that he was a local businessman, and had frequented the restaurant on other occasions without any controversy.

The complaining witness, the cook and owner, admitted that whoever prepared the spaghetti did not wash and separate it to keep it from sticking. He offered no rebuttal to appellant's claim that the steaks were first rare and then overcooked when returned. Such complaining witness agreed in his testimony that he would settle for half of the bill of $9.81 appellant incurred and for less than the minimum amount of the theft offense for which the appellant was charged.

Giving the common usage to the word "abscond," we cannot say that under the circumstances of the instant case that the presumed intent section of V.T.C.A., Penal Code, § 31.04, is applicable. While the appellant might be colored irritable and impatient and inconsiderate for not waiting longer to settle the dispute, we cannot conclude he "absconded." He left his name, business address and telephone number of his business and residence. Without the presumed intent, even viewing the evidence in the light most favorable to the court's "judgment," [1] we cannot conclude that the evidence is sufficient to establish the requisite intent to commit the offense.

In view of our disposition of the case, we need not consider whether the appellant, who represented himself at trial, was properly admonished of the dangers and disadvantages of self-representation as required by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The appellant's motion for rehearing is granted, the judgment of conviction is set aside, and the judgment is reversed and an order of acquittal is to be entered, and the prosecution is ordered dismissed. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57

1. This was a misdemeanor probation case where under Article 42.13, V.A.C.C.P. (Misdemeanor Probation Law) in effect at the time of the 1978 trial, no judgment was to be entered.

L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

DALLY, Judge, dissenting.

The evidence is sufficient to sustain the conviction without the aid of the presumption of V.T.C.A. Penal Code, Sec. 31.-04(b)(1). The appellant should not be acquitted. The appellant did not want to pay the price of the meals that did not please him and his children. Apparently the majority would let the customer, when he is dissatisfied with the meal he is served, set its price, or, as here, not pay for it.

ODOM, J., joins in this dissent.