Anthony Dewayne HORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–0622–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1993.

Discretionary Review Refused
Sept. 22, 1993.

Margaret A. Polansky, Caldwell, for appellant.

Charles J. Sebesta, Jr., Caldwell, Larry P. Urquhart, Moorman, Tate, Moorman, Urquhart & Haley, L.L.P., Brenham, for appellee.

Before MIRABAL, DUGGAN and DUNN, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Anthony Dewayne Horn, guilty of aggravated robbery.

The trial court assessed punishment at 20–years confinement. We reverse.

In a sole point of error, appellant asserts the evidence is insufficient to support his conviction.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State,* 820 S.W.2d 154, 162 (Tex. Crim.App.1991); *Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984).

The evidence, presented in the light most favorable to the judgment, follows.

David Hood was tending bar at the Tower Lounge the night of December 15, 1991. Hood noticed a man enter the lounge, use the men's rest room and leave. He soon returned with another man, and the two men sat at a table and watched several people play pool. Hood later identified the first man as appellant and the second man as Wayne Gulley. After about 10 minutes, both appellant and Gulley left through the side door.

The two men then returned through the side door and appellant walked over to the cash register. Hood attempted to approach appellant to see what he was doing, but Gulley stopped Hood by pointing a small, chrome-plated automatic pistol at him. As Gulley pointed the pistol at Hood, appellant unplugged the cash register and picked it up. Appellant carried the cash register out the door, and Gulley followed him. After the men left, Hood called the police.

Vickie Vick, the manager of the lounge, was also present when the men entered the bar. Vick was in the lounge area waiting on customers when the offense was committed. Vick identified Gulley as the man with the gun; however, she could not positively identify appellant.

Stacy Alice Watts testified that she was a customer in the lounge that evening. She was watching people play pool when the men entered the lounge. Watts noticed Hood, with his hands up in the air, standing near the bar as the two men went out with the cash register. Watts was unable to identify either man.

Joseline Marie "Rita" Sanders testified that the night before the robbery, she and appellant spent the night at a friend's house in Bryan. The morning of the robbery, she and appellant picked up Gulley at an apartment complex in Bryan, and the three drove to Somerville in a Chevrolet blazer. While in the blazer, Sanders noticed a small gun in the glove compartment. The three went out to the lake, then appellant and Gulley dropped Sanders off at her home in Somerville around dark. Sanders saw them again around 10:50 p.m. when they drove the blazer into her front yard. Sanders came out of her home to speak with them, and while she was outside, a Somerville police officer drove by. Appellant and Gulley left shortly thereafter.

Frank Juarez, a Somerville police officer, responded to the call about the robbery. On the way to the lounge, he drove by Sander's house and saw a blazer in the front yard. Because he was unfamiliar with the vehicle, he noted the license number and later discovered that the blazer had been stolen in Bryan.

Randall Carter testified that the day before the robbery, appellant showed him a small silver and brown automatic pistol and said something about "easy money."

Appellant admitted that he owns a .22 caliber pistol; however, he denied showing it to Carter. Appellant also stated that he had a beard and mustache for over three years; witnesses had testified that both robbers were clean shaven.

Appellant was indicted for aggravated robbery. The elements of aggravated rob-

bery are (1) a person; (2) in the course of committing theft; (3) with intent to obtain or maintain control of property; (4) intentionally or knowingly; (5) threatens another with, or places another in fear of; (6) imminent bodily injury or death; and (7) uses or exhibits (8) a deadly weapon. *Bilbrey v. State,* 594 S.W.2d 754, 759 (Tex. Crim.App. [Panel Op.] 1980); *Sanchez v. State,* 722 S.W.2d 781, 785 (Tex.App.—Dallas 1986, pet. ref'd); TEX.PENAL CODE ANN. § 29.02 (Vernon 1989) and § 29.03 (Vernon Supp.1993). The jury was so charged.

The evidence establishes, and the jury found, that Gulley, not appellant, used or exhibited a deadly weapon during the robbery. The jury verdict reads as follows:

We, the Jury, find the defendant, AN-THONY DEWAYNE HORN, guilty of the offense of Aggravated Robbery.

And we, the Jury, further *do not find* that the defendant used or exhibited a deadly weapon to wit: one small pistol, a firearm, during the commission of the offense or during immediate flight therefrom.

Although the jury found that appellant committed aggravated robbery, it failed to find the seventh and eighth elements of aggravated robbery, that appellant used or exhibited a deadly weapon.

Therefore, the only theory under which appellant could be found guilty of aggravated robbery is the theory of parties. *Jones v. State,* 815 S.W.2d 667, 671 (Tex. Crim.App.1991). The law of parties must be included in the application paragraph of the charge in order for a jury to be authorized to convict a defendant as a party. *Id.* at 670; *Walker v. State,* 823 S.W.2d 247, 248 (Tex.Crim.App.1991).

The application paragraphs of the jury charge read as follows: [1]

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, ANTHONY DEWAYNE HORN, on or about the 15th day of December, 1991, in the County of Burleson,

and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly, while in the course of committing theft of property, to-wit: one Sharp cash register and its contents and with intent to obtain and maintain control of said property, intentionally and knowingly threaten and place David Hood in fear of imminent bodily injury and death, and the said ANTHONY DE-WAYNE HORN did then and there intentionally and knowingly use and exhibit a deadly weapon, to-wit: one small pistol, a firearm, you will find the defendant guilty of the offense of Aggravated Robbery and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

If you have found the defendant guilty of the offense of Aggravated Robbery, and you further find beyond a reasonable doubt that the defendant used or exhibited a deadly weapon during the commission of the alleged offense or during immediate flight therefrom, you will so state in your verdict.

There was no objection to the charge by either party. Because the charge did not apply the law of parties to the facts at hand, the jury was only authorized to convict appellant on the basis of his own conduct. *Walker,* 823 S.W.2d at 248. The jury specifically found that appellant did *not* exhibit or use a deadly weapon, and that finding is supported by the evidence.

Under the charge given, the evidence is insufficient to support appellant's conviction for aggravated robbery. Accordingly, we sustain appellant's sole point of error.

We reverse the judgment and order an acquittal.

DUNN, J., concurring.

---

1. The charge provided the jury only three options: (1) find appellant not guilty; (2) find appellant guilty of aggravated robbery; (3) state whether appellant used or exhibited a deadly weapon.

DUNN, Justice, concurring.

I abhor having to reverse this case. Although the jury found that appellant had committed aggravated robbery, the application paragraph of the charge did not charge the jury on the law of parties. It charged appellant as the primary actor. Inasmuch as the evidence supports the fact that appellant did not *personally* use or exhibit the weapon, and this being an element of the offense of aggravated robbery, we are unable to find that the evidence is sufficient to support appellant's conviction for aggravated robbery.

The prosecutor did not object to the charge nor did he ask the court to include the law of parties in the application paragraph. Nevertheless, he argued the law of parties to the jury. If he had requested that the application paragraph contain the law of parties, the evidence would have been sufficient to support a conviction under the law of parties. However, we are constrained to follow the Court of Criminal Appeals and acquit appellant according to *Jones v. State*, 815 S.W.2d 667, 671 (Tex. Crim.App.1991). Until the Court of Criminal Appeals chooses to address the issue otherwise, as an intermediate court, we can do no other than follow the higher court's dictates.