**Larry Michael NEWLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–033 CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 24, 1994.

Decided Sept. 7, 1994.

---

1. If two cases can be considered a body of law.

Steve Hebert, Baytown, for appellant.

Michael Little, Dist. Atty., Anne Streit, Asst. Dist. Atty., Liberty, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

On February 11, 1993, a jury convicted the appellant of burglary of a motor vehicle and aggravated robbery. The jury found the appellant to be an habitual offender and assessed punishment for the burglary of a motor vehicle at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. The jury assessed punishment for the aggravated robbery at confinement in the Institutional Division of the Texas Department of Criminal Justice for life. The jury made affirmative findings that a deadly weapon was used or exhibited during the commission of the offenses or during the immediate flight after the of-

fenses were committed. Appellant brings three points of error before the Court.

■ Appellant alleges in his first point of error that the trial court erred in failing to grant appellant's timely motion for mistrial because of the prejudicial statement of the prosecution, injecting harmful, unsworn testimony before the jury. During the guilt/innocence phase of the trial the State called the complaining witness, Max Ray Hardin, who testified that he saw appellant holding a knife as he fled the crime scene. He described the knife's blade as being approximately four inches long, sharp on one side, and pointed. The witness had a picture from a magazine of what the blade looked like because the witness did not see the handle on the knife. The prosecutor tendered the magazine picture into evidence and appellant objected on grounds that the prosecutor had not laid the proper predicate, and the prosecutor had not put any evidence into the record to show why the original object could not be produced. Appellant objected further under the best evidence rule. Appellant objects on appeal to the following statement made by the prosecutor before the court had ruled on the above objection:

> Ms. Streit: Your Honor I think the evidence has shown that Mr. Hardin has testified the defendant was holding it, the defendant did not stay at the scene, the defendant left the scene. The reasonable inference is the knife was with the defendant.

The objection was overruled, the appellant then requested an instruction to disregard the statement and also moved for a mistrial both of which were denied by the court.

Appellant argues on appeal that the statement by the prosecution was an attempt to bolster the witness and that the prosecutor's comment was inflammatory and prejudicial.

Appellant's point of error one, before the court, does not comport with the trial objections lodged at the time of trial, that is, improper predicate, no showing that the original object could not be produced, and the best evidence rule violation; hence, the point of error presents nothing for review. *Sterling v. State*, 800 S.W.2d 513 (Tex.Crim.App.

1990); TEX.R.APP.P. 52. Point of error one is overruled.

■ Appellant's points of error two and three allege insufficiency of the evidence to warrant a conviction for aggravated robbery and/or to support the verdict on aggravated robbery. In analyzing these points of error, we will view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found beyond a reasonable doubt the essential elements of the aggravated robbery as charged against the appellant. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991). To sustain a verdict of aggravated robbery, it must be shown that the appellant, while in the course of committing or attempting to commit theft (meaning conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft) of tangible or intangible personal property with the intent to obtain or maintain control of said property, intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Crim.App.1980); *Horn v. State,* 856 S.W.2d 509 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); *Chandler v. State,* 855 S.W.2d 38 (Tex.App.—Fort Worth 1993, no pet.); TEX.PENAL CODE ANN. §§ 29.01, 29.02, and 29.03 (Vernon 1994).

On February 1, 1992, Max Hardin, a sixty year old male, approached his parked truck and noticed the passenger door open and a man inside or leaning into the vehicle. As Mr. Hardin walked to the passenger door and asked the man what he was doing in his (Mr. Hardin's) truck, appellant, Larry Newland, exited the truck with the vehicle's radio/stereo out of the truck in his hands. When confronted by Hardin, who asked if that was his radio/stereo, Newland handed the stereo back to him. Hardin closed the passenger's side door, walked around and unlocked the driver's side door and entered his vehicle. Before Hardin could get his key into the ignition, Newland jumped into the truck and began to grab and pull at Hardin telling him to "come here". Mr. Hardin saw that appellant was holding a knife with a four inch pointed blade that was sharp on one side. Mr. Hardin feared for his life and was scared that appellant was going to stab him with the knife. Mr. Hardin felt that there was not much he could do as appellant grabbed and pulled on him. The victim was sixty years of age and was in a weakened condition from having had recent cancer surgery. Appellant was considerably younger and stronger than the victim. Mr. Hardin called out for help to a man passing by. The appellant left the truck and attempted to drive away in a car but collided with a fence. Appellant then got out of the car and ran from the scene on foot.

Appellant contends that the above facts will not support a conviction of aggravated robbery without actual injury. Appellant maintains that when he returned to the vehicle he did not touch the stereo/radio, exercised no control over the item, made no statement indicating he wanted the radio, and immediately left the scene when a vehicle approached. He also contends that the complainant testified that appellant did not want anything from him, namely his wallet or the stereo which was on the seat of the vehicle. We disagree with appellant's recitation of the facts in that the complainant testified that the appellant did not tell him that he wanted anything from him, that he did not ask for the wallet, nor did he try to grab the stereo off the seat. Appellant argues that there is no proof that the appellant obtained or maintained control of property belonging to the complainant. This argument ignores the fact that the appellant's assault on the complaining witness occurred during the immediate flight after the theft of the radio/stereo even though appellant had abandoned the property.

This case differs only slightly from those cases upholding the conviction for aggravated robbery when a person is confronted with shoplifting, he abandons the merchandise and then uses a deadly weapon to effect his escape. *White v. State,* 671 S.W.2d 40 (Tex. Crim.App.1984); *Bonner v. State,* 820 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Candelaria v. State,* 776 S.W.2d 741 (Tex.App.—Corpus Christi 1989, pet. ref'd).

We do not have a definition of "immediate flight" in the Penal Code but we are not without one similar case to ours. In *Oggletree v. State*, 851 S.W.2d 367 (Tex.App.— Houston [1st Dist.] 1993, pet. ref'd) the appellant in that case made good his escape after being called to stop by two store employees. He was chased by one employee who gave it up and returned to call 911. While waiting for the police, the appellant returned. The other employee had detained a person thought to be an accomplice of the appellant. When appellant returned, he exhibited a knife and told the employees to let the man go. Appellant was persuaded to leave which he did by walking across the street. The accomplice then started the automobile, drove away, stopped and picked up the appellant and then left the scene. The court in that case, as in the one before us, had to decide if the theft and the use of a deadly weapon occurred in two separate and distinct episodes.

The court found in *Oggletree* just as we find in the case before us, that appellant was engaged in one continuous criminal episode, not in a series of incidents. He had not accomplished a successful escape but for reasons unclear to the court, he remained in the vicinity to threaten the complainant. There were no intervening circumstances from the time he surrendered the stolen property until he put the complainant in fear of his life by exhibiting a deadly weapon. We find and so hold that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Villalon v. State*, 791 S.W.2d 130 (Tex.Crim.App.1990).

■■■ A knife may be a deadly weapon depending on its size, shape, sharpness, the manner of its use or intended use, and its capacity to cause death or serious bodily injury. *Blain v. State*, 647 S.W.2d 293 (Tex. Crim.App.1983); Tex.Penal Code Ann. § 1.07(a)(17) (Vernon 1994). Wounds need not be inflicted before a knife can be deter-

mined to be a deadly weapon. *Denham v. State*, 574 S.W.2d 129 (Tex.Crim.App.1978). A knife can be determined to be a deadly weapon even though no express or implied threats accompany the use or display of the weapon. *Tisdale v. State*, 686 S.W.2d 110 (Tex.Crim.App.1984); *Vaughn v. State*, 634 S.W.2d 310 (Tex.Crim.App.1982).

■■■ In light of the close proximity of the appellant to the victim in the confines of a truck cab, that appellant grabbed and pulled at the victim while displaying a knife and appellant's command to the victim to come to him justified Mr. Hardin's fear of serious bodily injury or death. The State also offered expert testimony from two witnesses to substantiate the knife's capacity to cause serious bodily injury or death. We find and so hold that the evidence before us is sufficient to support the finding that the knife was a deadly weapon.

We find the evidence to be sufficient on all elements of aggravated robbery to support the verdict and conviction. We overrule appellant's points of error two and three. The judgment of conviction is affirmed.

**AFFIRMED.**

BURGESS, Justice, concurring and dissenting.

I concur in the affirmance on Count II, but respectfully dissent concerning Count I. Larry Michael Newland is definitely guilty of burglary of a motor vehicle [1], arguably he is guilty of aggravated assault [2], kidnapping [3] or aggravated kidnapping [4]. Moreover, the jury found that a deadly weapon was used.[5] However, I do not believe the evidence is sufficient to find him guilty of aggravated robbery.

The majority holds Newland was still in the course of committing theft when he exhibited the knife, took the arm of Mr. Hardin and said: "come here", while trying to pull Hardin across the seat of the vehicle. All of

---

1. Newland does not challenge the sufficiency of the evidence on this offense.

2. Tex.Penal Code Ann. § 22.02(a)(4) (Vernon 1986).

3. Tex.Penal Code Ann. § 20.03 (Vernon 1986).

4. Tex.Penal Code Ann. § 20.04(a)(3) (Vernon 1986).

5. This finding has not been appealed.

the cases cited by the majority, besides *Oggletree v. State*, 851 S.W.2d 367 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd), involve the involuntary return of the perpetrator and an attempted escape, thus a marked difference. I believe *Oggletree* was wrongly decided, however, it can be distinguished. Oggletree returned to the scene to liberate an accomplice, thus there remained some nexus between the property offense and the assault. In this case, there is only speculation as to why Newland entered the vehicle and assaulted Hardin after Newland had returned the stereo to Hardin. The reasonable inference, based upon Newland's own words and action is he intended an abduction. The command "come here" indicates an intent to exercise control over Hardin's person. Had the command been "give me", "I'll take that", "let me have that" or words to that effect, then the intent to continue the theft of the stereo or effect a different theft could be reasonably inferred.

I would reverse and order an acquittal on Count I.