TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00664-CR







Olin Jeffries Nelson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 195TH JUDICIAL DISTRICT


NO. F93-43972-N, HONORABLE JOHN NELMS, JUDGE PRESIDING







 A jury found appellant guilty of the offense of aggravated robbery. See Tex. Penal
Code Ann. § 29.03 (West 1994). The trial court set punishment, enhanced by a prior felony
conviction, at confinement for fifteen years. Appellant asserts three points of error, contending
that the evidence was insufficient to prove that: (1) appellant obtained money that was the
property of the owner alleged in the indictment; (2) appellant acted with the intent to deprive the
complainant of his property; and (3) the knife exhibited by appellant was a deadly weapon. We
will overrule appellant's points of error and affirm the judgment of the trial court.

 Complainant Tekle Shabai was the sole employee at the 7-Eleven store at Northwest
Highway and Marsh Lane in Dallas during the early morning hours of August 18, 1993. 
Appellant entered the store about 2:00 a.m. and told Shabai that Ramadan Salin, manager of the
store, had said for Shabai to give him money. Shabai replied that Ramadan had not told him to
give appellant money, and that appellant would have to "come back tomorrow morning" and talk
with Ramadan. Shabai told appellant that he knew the company rules would not allow him to give
money to anyone. After appellant wrote a note addressed to Ramadan, he came around the
counter and started toward the "drop safe" with a pocket knife blade "a little shorter than a finger--pointed out in front of him." Shabai backed up and asked appellant what he was doing. 
Appellant told Shabai to "shut up" and went to the "drop safe" where he took two "drops," (1) each
"drop" consisting of fifteen dollars. In addition, appellant took two packages of cigarettes.

 Appellant gave Shabai the note that he had written to Ramadan, stating, "This is
the paper I give you for your manager." The note stated: "Ramadan, I stay at 7510 East Grand,
Dallas, Tx. 75223. #208, 357-8231. Come to my job at Midway Car Wash and pick up your
money $15. Thanks, O.J. [appellant]." After a call to Ramadan, Shabai called the police with
a report about what had occurred.

 Dallas police officer Scott Whitemyer testified that he stopped at the store for coffee
before receiving a dispatch about a crime at this location. When Scott walked into the store,
Shabai told him that he had just been robbed by an ex-employee of the store. Whitemyer opined
that a knife is a deadly weapon, "even a pocket knife that the blade is about as long as maybe --
a little shorter" than his finger. Whitemyer stated that he called Ramadan to get the suspect's
name, address and "that sort of thing."

 In reviewing the legal sufficiency of evidence, we must determine whether, viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319 (1979). Under the Jackson standard, the reviewing court is not to position
itself as a thirteenth juror in assessing the evidence nor is it our place to second guess the
determination made by the trier of fact. See Collins v. State, 800 S.W.2d 267, 269 (Tex.
App.--Houston [14th Dist.] 1990, no pet.).

 In his first point of error, appellant contends that there is no testimony to support
the averment in the indictment that Shabai was the owner of the property taken. Pertinent to the
instant cause, "owner" means a person who has a "greater right to possession of the property than
the actor." Tex. Penal Code Ann. § 1.07(a)(35) (West 1994). Appellant directs our attention to
the lack of testimony about Shabai's duties concerning the "drop safe." Appellant urges that
Shabai was not shown to have greater right of possession of the money in the "drop safe" than
appellant. Appellant argues that Shabai's testimony that the manager had to approve "this sort
of disbursement" reflects that Shabai had no right to the actual care, custody and control of the
money. See id. § 1.07(a)(39).

 Shabai identified appellant as an ex-employee of the store in reporting the offense
to the officer. Shabai was the only employee in the store at the time of the offense. In Smallwood
v. State, 607 S.W.2d 911 (Tex. Crim. App. 1980), a dock worker employed by Dillard's
Department Store was named as the owner of the slacks taken from the store. The evidence
showed that the dock worker attempted to stop the defendant when she left the store. The Court
of Criminal Appeals held that the dock worker as an employee had a greater right to possession
of the property taken than the defendant. Id. at 914.

 Deloney v. State, 734 S.W.2d 6 (Tex. App.--Dallas 1987, pet. ref'd), held that the
complainant named in the charging instrument, as an employee of the store, had a greater right
to possess the store's money than the defendant even though another employee was the one who
handled the store's cash receipts. Id. at 10. When reviewing the evidence in the light most
favorable to the verdict, we hold that any rational trier of fact could have found beyond a
reasonable doubt that Shabai, as employee, had a greater right to possession of the store's money
than did appellant. Appellant's first point of error is overruled.

 In his second point of error, appellant urges that there was insufficient evidence to
prove appellant's intent to deprive the alleged owner of the property. Appellant points to the
"IOU" note left for the manager to contact appellant at his address for repayment of fifteen dollars
the next day. Appellant also notes that he was arrested at the store prior to the time of promised
repayment. In Manley v. State, 633 S.W.2d 881 (Tex. Crim. App. 1982), cited by appellant, the
defendant requested a price adjustment on his bill for meals the defendant and his children felt
were improperly prepared. The cashier-hostess left to confer with the owner-cook about the
matter. When the cashier-hostess did not return after five or six minutes, the defendant left his
printed business card with the notation, "call me when you decide. Res. 937-5300." No effort
was made to contact the defendant. The court held that the requisite intent to avoid payment for
service was not proven. Id. at 883.

 Crawford v. State, 509 S.W.2d 582 (Tex. Crim. App. 1974), held that the elements
of robbery by assault were proven despite the existence of a debtor-creditor relationship. Id. at
585. In rejecting the defendant's claim that a creditor's assault upon a debtor does not constitute
robbery by assault, the court reasoned:



To hold otherwise would be establishing a dangerous doctrine, since it would
authorize the accused not only to decide his own injury or damage but to enforce
the collection thereof by force and violence. This is contrary to the policy of our
form of government.



Id. at 584.

 In Collins, the court rejected the defendant's claim that he had not intentionally
stolen money from his girlfriend when he shot her to collect a debt. As in Crawford, the court
stated to hold otherwise would establish a dangerous precedent since it would authorize an accused
not only to decide his own injury or damage but to enforce the collection thereof by force and
violence. Collins, 800 S.W.2d at 269.

 Assuming appellant had been authorized by the manager to withdraw fifteen dollars
from the store, the withdrawal could not be enforced by displaying a knife. Moreover, the
evidence shows that he took more than fifteen dollars. We hold that any rational trier of fact
could have found beyond a reasonable doubt that appellant intended to deprive the owner of the
property. Appellant's second point of error is overruled.

 In his third point of error, appellant contends that the evidence was insufficient to
establish that the knife was a deadly weapon. Relevant to the instant cause, a "deadly weapon"
means "anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). The actual knife
allegedly used during the offense as a deadly weapon need not be introduced in evidence if the
witness is able to testify about the knife and the manner it was used. See Kent v. State, 879
S.W.2d 80, 83 (Tex. App.--Houston [14th Dist.] 1994, no pet.). The knife need not wound a
person to qualify as a deadly weapon, nor must any express or implied threats accompany the use
or display of the weapon. See Newland v. State, 882 S.W.2d 659, 662 (Tex. App.--Beaumont
1994, no pet.). A pocket knife is not a deadly weapon per se and the State had the burden of
proving that the pocket knife used by the defendant was, in the manner of its use or intended use,
capable of causing death or serious bodily injury. Victor v. State, 874 S.W.2d 748, 751 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant notes that he did not threaten Shabai nor did he injure him. Also,
appellant points out that the knife was not introduced into evidence and that the testimony of the
officer about the knife being a deadly weapon was in response to a hypothetical question which
did not comport with the testimony of Shabai as to the size of the knife blade.

 The only difference in the description of the blade by Shabai and that contained in
the hypothetical question posed to the officer was the comparison of the length of the blade to a
specific finger rather than a finger in general. While the officer's unobjected-to testimony (in the
trial court) was more specific than that of Shabai, any complaint goes to the weight of the
evidence and does not render it incompetent. Even assuming that the evidence was inadmissible,
a reviewing court will consider it in conducting a review of the sufficiency of the evidence. See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), cert. denied, 128 L. Ed. 2d 222.

 When appellant came around the corner of the counter with the knife blade pointed
in front of him, Shabai backed up and asked appellant what he was doing. Appellant said "shut
up" and went to the register where he removed two fifteen dollar "drops."

 Viewing the evidence in the light most favorable to the verdict, we hold that any
rational trier of fact could have found beyond a reasonable doubt that the knife in question was
a deadly weapon. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 28, 1996

Do Not Publish














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The parlance of the business appears to designate a "drop" as a combination consisting
of a ten dollar bill and a five dollar bill.



establish that the knife was a deadly weapon. Relevant to the instant cause, a "deadly weapon"
means "anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). The actual knife
allegedly used during the offense as a deadly weapon need not be introduced in evidence if the
witness is able to testify about the knife and the manner it was used. See Kent v. State, 879
S.W.2d 80, 83 (Tex. App.--Houston [14th Dist.] 1994, no pet.). The knife need not wound a
person to qualify as a deadly weapon, nor must any express or implied threats accompany the use
or display of the weapon. See Newland v. State, 882 S.W.2d 659, 662 (Tex. App.--Beaumont
1994, no pet.). A pocket knife is not a deadly weapon per se and the State had the burden of
proving that the pocket knife used by the defendant was, in the manner of its use or intended use,
capable of causing death or serious bodily injury. Victor v. State, 874 S.W.2d 748, 751 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant notes that he did not threaten Shabai nor did he injure him. Also,
appellant points out that the knife was not introduced into evidence and that the testimony of the
officer about the knife being a deadly weapon was in response to a hypothetical question which
did not comport with the testimony of Shabai as to the size of the knife blade.

 The only difference in the description of the blade by Shabai and that contained in
the hypothetical question posed to the officer was the comparison of the length of the blade to a
specific finger rather than a finger in general. While the officer's unobjected-to testimony (in the
trial court) was more specific than that of Shabai, any complaint goes to the weight of the
evidence and does not render it incompetent. Even assuming that the evidence was inadmissible,
a reviewing court will consider it in conducting a review of the sufficiency of the evidence. See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), cert. denied, 128 L. Ed. 2d 222.

 When appellant came around the corner of the counter with the knife blade pointed
in front of him, Shabai backed up and asked appellant what he was doing. Appellant said "shut
up" and went to the register where he removed two fifteen dollar "drops."

 Viewing the evidence in the light most favorable to the verdict, we hold that any
rational trier of fact could have found beyond a reasonable doubt that the knife in question was
a deadly weapon. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 28, 1996

Do Not Publish














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


**