TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00087-CR








Daniel Blanco, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 95-246-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 After finding appellant guilty of the offense of aggravated robbery, Tex. Penal Code Ann.
§ 29.03 (West 1994), the jury assessed punishment, enhanced by prior felony convictions, at confinement
for sixty years. Appellant asserts two points of error, contending that the evidence is insufficient, (1) legally
and (2) factually, to show that appellant used or exhibited a deadly weapon, an essential element of the
offense. We will overrule appellant's points of error and affirm the judgment of the trial court.

 Jonathan Gould and Marcus Potter were employees at a 7-Eleven store on McNeil Road
in Round Rock when a man they identified as appellant, along with a companion, entered the store about
4:30 a.m. on December 24, 1994. Gould's testimony shows that appellant "walked around the counter"
with a "box cutter in his hand" and told Gould to "give him all the money." Gould was afraid and believed
that appellant would kill or injure him if he did not comply. Gould opened the cash register and appellant
removed money therefrom. Then, appellant "demanded I drop money" out of the "drop safe," a place
where larger bills are deposited, a demand with which Gould complied. After picking up the container from
the drop-safe, appellant told Gould, "We'll f****** kill you if you call the cops." Gould identified a "box
cutter" as being similar to the one used in the robbery, except that the blade was "about half the size." It
is undisputed that the cutting portion of a "box-cutter" is a razor blade.

 When employee Potter came out of a vault in the back of the store he saw appellant
"getting money out of the register." Appellant turned toward Potter with something in his hand and told him
to stay where he was. Potter testified that appellant "jabbed" at Gould and started telling him to get the
money out of the safe. As appellant continued "jabbing" at him, Gould would "back off a little bit." Potter
did not feel scared, but he "felt worried" for Gould.

 Sergeant Jerry Glaeser of the Round Rock Police Department, a peace officer with twenty-five years experience, testified that he had seen people killed and seriously injured with a razor- blade- type
instrument similar to the one in evidence. Glaeser and Sergeant James Bond of the Round Rock Police
Department, a law enforcement officer for twenty-three years, both opined that a razor blade cutter is
capable of causing serious bodily injury.

 In reviewing legal sufficiency of evidence, we must determine whether, viewing evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). 
Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in assessing
the evidence nor to se cond guess the determination made by the trier of fact. See Collins v. State, 800
S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.).

 At trial, appellant relied on an insanity defense. On appeal, appellant contends that the
"box cutter" was not shown to be a deadly weapon. It is undisputed that the instrument in question was
not a deadly weapon per se. Relevant to the instant cause, a "deadly weapon" means "anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." See Tex Penal Code
Ann. § 1.07(a)(17)(B) (West 1994). Accordingly, the State had the burden of proving beyond a
reasonable doubt that the box cutter used by appellant was, in the manner of its use or intended use,
capable of causing death or serious bodily injury. See Victor v. State, 874 S.W.2d 748, 751 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant contends that the State never proved the distance between appellant and Gould,
reasoning that the cutter was relatively harmless unless the wielder could reach the victim. See Lucero v.
State, 915 S.W.2d 612, 615 (Tex. App.--El Paso 1997, pet. ref'd). Potter's testimony that Gould
backed up when appellant jabbed at him with the instrument refutes this argument. Appellant's threat to
kill Gould if he called the police after the money had been taken shows that appellant at least entertained
the thought of killing a person. Moreover, it was not necessary for the State to prove that any express or
implied threat accompanied the use or the display of the weapon. See Newland v. State, 882 S.W.2d
659, 662 (Tex App.--Beaumont 1994, no pet.).

 Appellant directs our attention to Gould's testimony that the blade in question was about
one-half the size of the exhibit, being approximately 5/8" according to appellant's out-of-court calculation. 
Prior to having been shown the exhibit, both officers testified that they had seen people seriously injured
and killed with razor-blade-type instruments.

 Viewing the evidence in the light most favorable to the verdict, we hold that any rational
trier of fact could have found beyond a reasonable doubt that the knife in question was a deadly weapon. 
Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the evidence is not factually sufficient to
support the conviction under this Court's standard for factual review in Stone v. State, 823 S.W.2d 375
(Tex. App.--Austin 1992, pet. ref'd untimely filed) and Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)(adopting Stone test). In Stone, this Court set forth the following standard for a factual
review of the evidence:


[T]he court views all the evidence without the prism of "in the light most favorable to the
prosecution." Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 381 (citations omitted).

 After viewing all of the evidence, including the testimony of defense witnesses and the
existence of alternative hypotheses, we conclude that the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's second point of error
is overruled.

 The judgment is affirmed.



 Tom G. Davis, Justice

Before Justices Aboussie, Jones and Davis*

Affirmed

Filed: March 20, 1997

Do Not Publish









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



disputed that the instrument in question was
not a deadly weapon per se. Relevant to the instant cause, a "deadly weapon" means "anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." See Tex Penal Code
Ann. § 1.07(a)(17)(B) (West 1994). Accordingly, the State had the burden of proving beyond a
reasonable doubt that the box cutter used by appellant was, in the manner of its use or intended use,
capable of causing death or serious bodily injury. See Victor v. State, 874 S.W.2d 748, 751 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant contends that the State never proved the distance between appellant and Gould,
reasoning that the cutter was relatively harmless unless the wielder could reach the victim. See Lucero v.
State, 915 S.W.2d 612, 615 (Tex. App.--El Paso 1997, pet. ref'd). Potter's testimony that Gould
backed up when appellant jabbed at him with the instrument refutes this argument. Appellant's threat to
kill Gould if he called the police after the money had been taken shows that appellant at least entertained
the thought of killing a person. Moreover, it was not necessary for the State to prove that any express or
implied threat accompanied the use or the display of the weapon. See Newland v. State, 882 S.W.2d
659, 662 (Tex App.--Beaumont 1994, no pet.).

 Appellant directs our attention to Gould's testimony that the blade in question was about
one-half the size of the exhibit, being approximately 5/8" according to appellant's out-of-court calculation. 
Prior to having been shown the exhibit, both officers testified that they had seen people seriously injured
and killed with razor-blade-type instruments.

 Viewing the evidence in the light most favorable to the verdict, we hold that any rational
trier of fact could have found beyond a reasonable doubt that the knife in question was a deadly weapon. 
Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the evidence is not factually sufficient to
support the conviction under this Court's standard for factual review in Stone v. State, 823 S.W.2d 375
(Tex. App.--Austin 1992, pet. ref'd untimely filed) and Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)(adopting Stone test). In Stone, this Court set forth the following standard for a factual
review of the evidence:


[T]he court views all the evidence without the prism of "in the light most favorable to the
prosecution." Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 381 (citations omitted).

 After viewing all of the evidence, including the testimony of defense witnesses and the
existence of alternative hypotheses, we conclude that the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's second point of error
is overruled.

 The judgment is affirmed.



 Tom G. Davis, Justice

Before Justices Aboussie, Jones and Davis*

Affirmed

Filed: March 2