WINDOM, Presiding Judge.
Christian Anthony Legendre appeals the revocation of his probation by the Madison Circuit Court. Legendre was originally convicted of second-degree burglary, a violation of § 13A-7-6, Ala. Code 1975, and was sentenced to five years in prison. Legendre's sentence was split to time served, followed by three years of supervised probation.
On July 21, 2016, Legendre's probation officer filed a delinquency report alleging that Legendre had violated the terms and conditions of his probation: 1) by failing to report; 2) by leaving the State without permission; 3) by failing to pay supervision fees; 4) by failing to pay court-ordered moneys; 5) by failing to report to a court-referral officer; and 6) by failing to complete a court-ordered substance-abuse program. On August 10, 2016, the circuit court held an initial appearance, at which Legendre denied the allegations against him. On August 24, 2016, the circuit court held a probation-revocation hearing.
Rachel Murrill, Legendre's probation officer, was the sole witness at the hearing. Murrill testified that she had presented Legendre with an order of probation that informed him of his responsibilities while on probation and that she and Legendre had signed the order. Murrill then testified to a number of alleged violations. Specifically, Murrill stated that Legendre had contacted her to inform her that he recently had been released from incarceration following a 45-day "dunk," which had been imposed as a result of a previous probation violation. Murrill and Legendre scheduled a meeting for the next day, May 13, 2016.
*1029 Legendre, however, did not appear at the meeting.
Murrill attempted to contact Legendre through all of his known telephone numbers but was unsuccessful. In July 2016, Murrill learned from another officer that Legendre was suspected of stealing a vehicle in Florida. During a telephone conversation with the Florida victim, Murrill was told Murrill that Legendre had traveled to Florida to visit her daughter. According to the victim, Legendre lived at her house in Florida without permission for two weeks and stole her vehicle. Murrill received a letter from the victim detailing Legendre's presence in Florida, which the circuit court received into evidence. Murrill was finally able to locate Legendre following his arrest on July 19, 2016, in Arab, Alabama, based on outstanding traffic tickets.
Murrill also testified that Legendre had failed to make any payments toward his court-ordered moneys or his supervision fees and that Legendre had failed to comply with court orders to report to a court-referral officer and to complete a substance-abuse program.
Following the hearing, the circuit court found that it was reasonably satisfied that Legendre had violated his probation by failing to report; by failing to report to a court-referral officer; and by failing to complete a court-ordered substance-abuse program. The circuit court revoked Legendre's probation after finding that Legendre's "failure to report went to the extent that he would be labeled as an absconder." (R. 15.)
On appeal, Legendre argues that the evidence was insufficient to revoke his probation. Section 15-22-54(e)(1), Ala. Code 1975, states, in pertinent part:
"[W]hen a defendant under supervision for a felony conviction has violated a condition of probation, other than arrest or conviction of a new offense or absconding, the court may impose a period of confinement of no more than 45 consecutive days to be served in the custody population of the Department of Corrections."
(Emphasis added.) Legendre argues that aside from Murrill's attempts to contact him by telephone, the State failed to offer evidence regarding its efforts to locate him and that the only evidence offered that he left the state was hearsay. Thus, Legendre argues, the State failed to offer sufficient evidence that he was an "absconder," and the circuit court abused its discretion in revoking his probation.
An alleged violation of probation need not be proven beyond a reasonable doubt; instead, the trial court need only be "reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). Here, ore tenus evidence was presented to the circuit court. In such cases, a presumption of correctness is afforded the court's judgment. Smiley v. State, 52 So.3d 565, 568 (Ala. 2010).
Title 15 of the Alabama Code does not define "absconding." The Alabama Supreme Court has instructed that,
"when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 281, 105 So.2d 446, 447 (1958). Furthermore, we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says. Ex parte Shelby County Health Care Auth., 850 So.2d 332 (Ala. 2002)."
Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 517 (Ala. 2003).
Black's Law Dictionary defines "abscond" as "[t]o depart secretly or suddenly, esp. to avoid arrest, prosecution, or *1030 service of process; to conceal oneself." Black's Law Dictionary 6 (10th ed. 2009) (Emphasis added.) The Texas Court of Criminal Appeals in Manley v. State, 633 S.W.2d 881 (Tex. Crim. App. 1982), stated:
"Abscond is defined in 1 C.J.S. 349 as:
" 'To absent one's self clandestinely; to absent or withdraw one's self privately; to conceal one's self clandestinely with intent to avoid legal process; to go in a clandestine manner out of the jurisdiction of the court; to lie concealed in order to avoid process of the court; and means something more than a temporary absence.'
"Webster's Third New International Dictionary, p. 6, gives the following definition for abscond: 'Withdraw, flee; to depart secretly; withdraw and hide oneself; to evade the legal process of a court by hiding within or secretly leaving its jurisdiction.' "
Manley, 633 S.W.2d at 882. Similarly, the Oregon Court of Appeals has recognized:
" 'In determining whether a defendant has absconded from supervision, appellate courts must consider whether the defendant's acts show the intent that inheres in the definition of "abscond"-not simply that the defendant failed to attend one meeting with a probation officer or could not be located for a brief period of time, but that the defendant sought to "evade the legal process of a court by hiding within or secretly leaving its jurisdiction." [Webster's Third New Int'l Dictionary 6 (unabridged ed. 2002).] Moreover, as our prior cases reflect, the "legal process" sought to be evaded may include compliance with the terms of one's sentence, including the defendant's conduct in "mak[ing] himself available for probation." [ State v.] Smith, 312 Or. 561, 564, 822 P.2d 1193 (1992).'
"[ State v. Robbins, 345 Or. 28, 33, 188 P.3d 262 (2008) ] (second brackets in Robbins )."
State v. Hooper, 278 Or.App. 246, 248-49, 373 P.3d 1272, 1273-74 (2016).
Legendre appears to suggest that, in order to prove that he absconded, the State was required to offer substantive evidence that he left the jurisdiction of the circuit court. On the contrary, to abscond requires only the concealment of oneself, especially in instances of evading legal process. Here, Murrill offered evidence indicating that Legendre had signed a form informing him of the terms and conditions of his probation. Additionally, Murrill stated that Legendre contacted her following his release and that they had arranged for a meeting the following day. In other words, Legendre clearly had notice of his obligation to report to Murrill and of the scheduled meeting. See Hooper, 278 Or.App. at 249, 373 P.3d at 1274 (citing the appellant's notice of his obligations as evidence of his intent to abscond). Even so, Legendre failed to report to his scheduled meeting, and, significantly, Legendre did not attempt to remedy his failure. In fact, in spite of Murrill's efforts to contact Legendre, two months passed before Murrill was able to locate Legendre, and Murrill was able to locate him only as a result of Legendre's arrest in Arab. Based on this evidence, the circuit court could have been reasonably satisfied that Legendre had absconded. See Giffin v. City of Florence, 677 So.2d 1280, 1284 (Ala. Crim. App. 1996) (recognizing that intent, being a state of mind, is rarely susceptible to direct proof and may be inferred by the finder of fact from the evidence presented (quoting Hall v. State, 348 So.2d 870, 873 (Ala. Crim. App. 1977) )). As such, the circuit court did not abuse its discretion in revoking Legendre's probation.
*1031 Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
Welch, Kellum, Burke, and Joiner, JJ., concur.