TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00113-CR







Tondrick Miller, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0955474, HONORABLE LARRY FULLER, JUDGE PRESIDING







 After finding appellant guilty of aggravated robbery, Tex. Penal Code Ann. § 29.03 (West
1994), the jury assessed punishment at confinement for twenty years. Appellant asserts three points of
error, contending that error occurred in the trial court because: (1) the evidence was insufficient to support
the conviction; (2) appellant was denied his right to due process by the State's failure to disclose
exculpatory evidence; and (3) the trial court dismissed a venireperson who had confirmed that she could
follow the law. We will overrule appellant's points of error and affirm the judgment of the trial court.

 In his first point of error, appellant contends the evidence is insufficient to support the
conviction because the State has failed to establish beyond a reasonable doubt that the knife involved was
a deadly weapon. Relevant to the instant cause, a "deadly weapon" means "anything that in the manner
of its use or intended use is capable of causing death or serious bodily injury." See Tex. Penal Code Ann.
§ 1.07(a)(17)(B) (West 1994).

 Dispak Patel, owner of the Texas Market on Lamar Boulevard in Austin, testified to the
events that occurred at his store shortly before midnight on November 7, 1995. A man, later identified as
DeWayne Benoit, entered the store, went to the cooler, took out a six-pack of beer, and approached Patel
at the check-out counter. As Benoit neared Patel, a second man subsequently identified as appellant,
entered the store and stood at the side of Patel. After ringing up the beer, Patel asked for identification. 
Benoit replied that he did not have any I.D. Patel advised him that he could not sell him beer and opened
the cash register to cancel the transaction. At this point, appellant "grabbed" Patel and placed the blade
of a knife to Patel's neck. Benoit grabbed about $400 from the register and left the store. Appellant told
Patel, "If you don't give me money, I'm going to cut your throat, I'm going to kill you." While Patel stated
that appellant inflicted a "big cut" to his neck, and he thought he was going to die, Patel did not seek
medical attention. Appellant pushed Patel onto a sofa, his wallet became visible, and appellant demanded
the money in it. Appellant removed $1,400 to $1,500 from Patel's wallet, money that Patel was going to
use to resupply his store the next day. Patel pursued appellant until appellant got in the passenger side of
the car Benoit was driving. As Patel was writing the license number of the car on his hand, appellant got
out of the car and chased Patel back to the store. Patel called the police, and upon their arrival, Patel
furnished them with a description of the men and the license number of their vehicle. Patel testified that the
length of the knife blade was two or three inches in length.

 In reviewing the legal sufficiency of the evidence (factual sufficiency is not challenged), we
must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson
v. Virginia, 433 U.S. 307, 319 (1979). Under the Jackson standard, the reviewing court is not to
position itself as a thirteenth juror in assessing the evidence nor to second guess the determination made
by the trier of fact. See Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990,
no pet.)

 The manner of the knife's use or intended use, the size of the blade, and the victim's fear
of bodily injury are some of the factors that may be considered in determining whether a knife is a deadly
weapon. Hicks v. State, 837 S.W.2d 686, 690 (Tex. App.--Houston [1st Dist.] 1992, no pet.). Expert
testimony is not required to establish the knife as a deadly weapon. See Denham v. State, 574 S.W.2d
129, 131 (Tex. Crim. App. 1992). The brandishing of a knife with a three- or four-inch blade toward a
victim followed by the slashing of a pursuer's shirt was held to show the defendant's use and capability of
the knife to cause serious bodily injury or death. See Jones v. State, 843 S.W.2d 92, 97 (Tex.
App.--Dallas 1992, pet. ref'd). Appellant made an express threat to kill Patel, telling Patel that he would
kill him if he did not give him the money. The jury could have reasonably inferred that a knife with a two-
or three-inch blade placed at a victim's neck was a weapon capable of causing serious bodily injury or
death. Patel's fear of serious bodily injury or death under the circumstances would appear to have been
well founded. Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier
of fact could have found beyond a reasonable doubt that the knife in question was a deadly weapon. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends he was denied his constitutional right to due
process by the State's failure to disclose the exculpatory nature of codefendant Benoit's plea. The trial
court granted appellant's pre-trial motion for the State's production of any evidence favorable to the
accused. The State replied that an examination of its record revealed no Brady material, but that if any
became known, it would be made known immediately. See Brady v. Maryland, 373 U.S. 83 (1963). 
Brady held that the suppression by the prosecution of evidence favorable to an accused upon request
violates due process where the evidence is material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution. Id. at 87.

 The only evidence presented in appellant's behalf consisted of the indictment charging
Benoit with aggravated robbery and Benoit's written plea of guilty with an acknowledgment and a waiver
of his rights under article 26.13 of the Texas Code of Criminal Procedure. After appellant rested, the State
advised the trial court that it wanted to call Benoit as a rebuttal witness. It appears that a delay in the trial
would occur in securing the witness, and the trial court stated it would permit the State to introduce Benoit's
judicial confession. After exhibiting the judicial confession to defense counsel, appellant moved for a
mistrial because the State had failed to furnish appellant with the exculpatory material contained in the
judicial confession. Specifically, appellant called the trial court's attention to Benoit's statements that he
had a knife, and that he and appellant left the store together. In addition, the statement reflected Benoit did
not know whether Patel had received a knife wound.

 A denial of due process occurs only if there is a reasonable probability that, had the
evidence been disclosed to the defense, the result of the proceeding would have been different, reasonable
probability being a probability sufficient to undermine confidence in the outcome. See United States v.
Bagley, 473 U. S. 667, 682 (1988); Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). 
Appellant urges that Benoit's testimony supported his defensive theory that appellant did not have a knife;
the State having relied solely on the testimony of Patel that appellant was the person who used and
threatened him with a knife. Appellant argues the State's failure to furnish him with the exculpatory material
prevented the defense from effectively preparing a defense formulated upon appellant's right to make
strategic decisions.

 Benoit's judicial confession does not show that appellant did not have a knife. Nor does
it show that Benoit exhibited a knife at any time during the occasion in question. Except for urging that
Benoit did not know whether appellant had a knife, appellant has not demonstrated how the timely
disclosure of this testimony prejudiced the preparation and presentation of this case. Our review of the
record fails to persuade us that a prompt disclosure of the claimed exculpatory evidence would have met
the test of a reasonable probability that the result of the proceeding would have been different. Appellant's
second point of error is overruled.

 In his third point of error, appellant contends the trial court erred by dismissing venireperson
Delores Hagemann for cause in light of her statement that she could follow the law as instructed by the
court. Appellant directs our attention to instances in which Hagemann stated that she would listen to the
evidence, try to follow the law, would be able to find the accused guilty if there "was lots of evidence," and
would not go along with the eleven other jurors who wanted to turn him loose, if she thought he was guilty.
Appellant cites cases holding that a venireperson is not subject to challenge because he or she would
require more evidence than the legal minimum. See Garrett v. State, 851 S.W.2d 853, 859 (Tex. Crim.
App. 1993); Castillo v. State, 913 S.W.2d 529, 534 (Tex. Crim. App. 1995).

 The voir dire of Hagemann was extensive. The reviewing court will not focus on an answer
or a passage, but must examine a venireperson's testimony as a whole. See Allridge v. State, 850 S.W.2d
471, 477 (Tex. Crim. App. 1991). Attention was first directed to Hagemann when one of the prosecutors
called the trial court's attention to her at a bench conference, stating to the court that one of the jurors looks
like she is going to cry. In response to questioning by the trial court, Hagemann stated she " was not
qualified to do this . . . I don't think I would make a decision . . . I don't think anybody is guilty unless he
says he is." In response to a prosecutor's question, Hagemann agreed she would "have a hard time
believing someone is guilty unless [she] saw it with [her] own eyes." In response to further questioning by
the trial court she stated she did not understand reasonable doubt, did not think she could sit on a jury, and
"decide the case based on the law and the evidence."

 We find the following statement by the court in Allridge to be relevant to the instant cause:


When the record of voir dire is unclear, as it is in the instant case with venireperson
Osborn, " there will be situations where the trial judge is left with the definite impression
that a prospective juror would be unable to faithfully and impartially apply the law." This
results in a finding by the trial court concerning the venireperson's state of mind. This
finding will be based upon many factors, including determinations of the credibility and
demeanor of the venireperson. If the entire record contains sufficient evidence to support
a trial court's determination that a juror would be prevented or substantially impaired from
obeying his oath and following his instructions, deference must be paid to that
determination.



Id. at 477-78 (citations omitted). When the reviewing court is faced with a record showing a vacillating
venireperson, the reviewing court must afford great deference to the trial court's discretion. See Brown
v. State, 913 S.W.2d 577 (Tex. Crim. App. 1996). In the instant cause, the lengthy voir dire of the
venireperson afforded the trial court an opportunity to observe her inconsistent answers as well as her
demeanor. Under these circumstances, we defer to the trial court's determination. Appellant's third point
of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, B. A. Smith and Davis*

Affirmed

Filed: June 5, 1997

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



lied solely on the testimony of Patel that appellant was the person who used and
threatened him with a knife. Appellant argues the State's failure to furnish him with the exculpatory material
prevented the defense from effectively preparing a defense formulated upon appellant's right to make
strategic decisions.

 Benoit's judicial confession does not show that appellant did not have a knife. Nor does
it show that Benoit exhibited a knife at any time during the occasion in question. Except for urging that
Benoit did not know whether appellant had a knife, appellant has not demonstrated how the timely
disclosure of this testimony prejudiced the preparation and presentation of this case. Our review of the
record fails to persuade us that a prompt disclosure of the claimed exculpatory evidence would have met
the test of a reasonable probability that the result of the proceeding would have been different. Appellant's
second point of error is overruled.

 In his third point of error, appellant contends the trial court erred by dismissing venireperson
Delores Hagemann for cause in light of her statement that she could follow the law as instructed by the
court. Appellant directs our attention to instan