TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00648-CR






Nathan Curtis Morris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-131, HONORABLE JACK ROBISON, JUDGE PRESIDING







 After finding appellant guilty of possession of a controlled substance, methamphetamine,
in an amount of more than four grams but less than two hundred grams, Tex. Health & Safety Code
§§ 481.102(6) & 481.115 (West Supp. 1998), the jury assessed punishment at confinement for twenty
years. Appellant asserts three points of error, contending that errors occurred in the trial court as a result
of (1) the legal insufficiency of the evidence to support the conviction; (2) the factual insufficiency of the
evidence to support the conviction; and (3) trial counsel rendering ineffective assistance. We will overrule
appellant's points of error and affirm the judgment of the trial court.

 Pursuant to the terms of a search warrant, Officer Wayne Ellington of the Comal County
Sheriff's Department went to a home occupied by Christine Cole in Canyon Lake to search for
methamphetamine. The warrant issued on March 1, 1996, and returned on the same date showed items
seized in the search as: "approximately 30 grams of meth"; syringes and other "narcotic paraphernalia." 
Ellington stated that appellant, dressed in a bathrobe, was seated in a small car in front of the trailer house. 
Appellant and Cole were "Mirandized" inside the house. Two packets of methamphetamine were
discovered inside the house. The first was found in the pocket of a sun dress in the closet of the master
bedroom. An analysis by D.P.S. determined its contents as 17.55 grams of methamphetamine. A second
packet was recovered from a shirt pocket in the living room-kitchen area. Appellant admitted ownership
of the shirt. An analysis by D.P.S. showed this packet contained 6.49 grams of methamphetamine. 
Numerous items of drug paraphernalia (syringes, etc.) containing methamphetamine were found on the
counter top of the kitchen in plain view. A green plastic bag containing syringes was taken from a bath next
to a closet where appellant kept his clothes. Based on the discovery of the foregoing items as well as other
drug-related paraphernalia, Ellington opined the hall bathroom was the "cut room."

 Items of clothing belonging to appellant were found throughout the house; a 1040A Income
Tax Return bearing appellant's name was taken from a bedroom near a spoon that tested positive for
methamphetamine; and a handwritten letter expert testimony showed to be in appellant's handwriting,
addressed to Christine, provided, in pertinent part: "Here's one weighed & ready to go. I did the other
one & it really worked pretty go [sic], this I know. All 35 weighed & put in bags. So go after it, raise the
flag."

 In his first point of error appellant contends the evidence is legally insufficient to support
the conviction. Appellant sets forth numerous arguments to support his position, most of which relate to
what the evidence does not show, arguing that the evidence was insufficient to support the conviction
because: (1) the officers found no evidence of any narcotics or drug paraphernalia inside appellant's fishing
tackle boxes, and his tool boxes; (2) Ellington did not know who placed certain incriminating evidence at
the place it was located; (3) Ellington admitted he had no legal training and did not know the legal meaning
of care, custody and control; (4) the lack of training of the State's expert witness, citing the testimony of
Officer Rudy Rubio who testified that known handwriting of appellant matched that of handwritten items
found in the place in question; and (5) Ellington admitted that appellant's letters never mentioned that he
was referring to contraband, or whether it belonged to Christine.

 In factual situations like the instant cause where an accused is not in exclusive control of
the premises where the contraband is found, earlier cases provided the test was that there must be
independent facts and circumstances affirmatively linking the accused to the contraband. See Cude v.
State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). However, more recent cases hold that a conviction
for possessing drugs merely requires proof that accused possessed drugs knowingly and intentionally. See
Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995).

 In reviewing the sufficiency of the evidence, we must determine whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319
(1979). Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in
assessing the evidence nor is it our place to second guess the determination made by the trier of fact. See
Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.). The trier of
fact (jury in this cause) is in a better place than an appellate court to weigh, accept or reject all or any
portion of any witness's testimony. It is the duty of this Court to determine if the explicit and implicit
findings by the trier of fact are rational under legal standards to support the conviction. See Aldeman v.
State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Having reviewed the evidence in the light most favorable to the verdict, we hold that any
rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant's
first point of error is overruled.

 Appellant contends the evidence is factually insufficient to prove the essential element of
intent. On appellate review, we may consider factual sufficiency as well as legal sufficiency. See Stone v.
State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely filed); see also Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996, adopting Stone test). In Stone, this Court set the following
standard for factual review.


[T]he court reviews all the evidence without the prism of 'in the light most favorable to the
prosecution.' Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 38 (citations omitted).

 Being aware that appellant had challenged the factual sufficiency of the evidence, we
attempted to set forth appellant's evidence and his arguments relative to the weakness of the State's case
in the previous point of error.

 We have reviewed all the evidence, including evidence favorable to appellant and the
existence of alternative hypotheses. We hold that the verdict on both of appellant's contentions is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's second
point of error is overruled.

 In his third point of error, appellant urges approximately thirty-seven reasons why he
received ineffective assistance of counsel in the trial court. The burden of proof an accused has in proving
ineffective assistance is set forth with clarity and completeness in Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990):


The test to be applied in determining ineffective assistance of counsel is found in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As this Court
has previously noted, no mechanistic formula is provided by Strickland:


 The benchmark for judging any claim of ineffectiveness must be whether counsel's
conduct so undermined the proper functioning of the adversarial process that the
trial cannot be relied on as having produced a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104 S.Ct.
At 2064. A defendant seeking relief under Strickland must show that counsel's
performance was deficient and the defendant must show that the deficient performance
prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying the "prejudice" prong
of this two part test, the Strickland Court held


 The defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceedings would have been
different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome.


Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland, 104
S.Ct. at 2068.


This standard has never been interpreted to mean that the accused is entitled to errorless
or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr. App. 1986). When
reviewing a claim of ineffective assistance of counsel, judicial scrutiny of counsel's
performance must be highly deferential. 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d
at 694. Whether the Strickland standard has been met is to be judged by "the totality of
the representation." Id.; Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Cr. App.
1982). Isolated instances in the record reflecting errors of commission or omission do not
cause counsel to become ineffective, nor can ineffective assistance of counsel be
established by isolating or separating out one portion of the trial counsel's performance for
examination. Bridge, 726 S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex.
Cr. App. 1981). An applicant must show omissions or other mistakes made by counsel
that amount to professional errors of a magnitude sufficient to raise a reasonable probability
that the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App. 1986), cert. denied, 480 U.S.
940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).



 Assuming, arguendo, that all of the reasons advanced by appellant had merit, our review
of the clearly admissible evidence dictates that the alleged errors of trial counsel were not of such
magnitude to raise a reasonable probability that the outcome of the trial would have been different but for
the errors.  Appellant's third point of error is overruled. The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: March 5, 1998

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ont-family: CG Times Regular">The test to be applied in determining ineffective assistance of counsel is found in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As this Court
has previously noted, no mechanistic formula is provided by Strickland:


 The benchmark for judging any claim of ineffectiveness must be whether counsel's
conduct so undermined the proper functioning of the adversarial process that the
trial cannot be relied on as having produced a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104 S.Ct.
At 2064. A defendant seeking relief under Strickland must show that counsel's
performance was deficient and the defendant must show that the deficient performance
prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying the "prejudice" prong
of this two part test, the Strickland Court held


 The defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceedings would have been
different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome.


Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland, 104
S.Ct. at 2068.


This standard has never been interpreted to mean that the accused is entitled to errorless
or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr. App. 1986). When
reviewing a claim of ineffective assistance of counsel, judicial scrutiny of counsel's
performance must be highly deferential. 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d
at 694. Whether the Strickland standard has been met is to be judged by "the totality of
the representation." Id.; Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Cr. App.
1982). Isolated instances in the record reflecting errors of commission or omission do not
cause counsel to become ineffective, nor can ineffective assistance of counsel be
established by isolating or separating out one portion of the trial counsel's performance for
examination. Bridge, 726 S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex.
Cr. App. 1981). An applicant must show omissions or other mistakes made by counsel
that amount to professional errors of a magnitude sufficient to raise a reasonable probability
that the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App. 1986), cert. denied, 480 U.S.
940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).



 Assuming, arguendo, that all of the reasons advanced by appellant had merit, our review
of the clearly admissible evidence dictates that the alleged errors of trial counsel were not of such
magnitude to raise a reasonable probability that the outcome of the trial would have been different but for
the errors.  Appellant's third point of error is overruled. The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: March 5, 1998

Do Not Publish




* Before Tom G. D