TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00590-CR







Steven Edward Myers, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0470-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 After a jury found appellant guilty of the offense of robbery, Tex. Penal Code Ann. § 29.02
(West 1994), the trial court assessed punishment, enhanced by a prior felony conviction, at confinement
for twenty-seven years. Appellant asserts two points of error, contending that error occurred in the trial
court because: (1) the trial court admitted evidence of extraneous misconduct; and (2) the evidence was
insufficient to support the conviction. We will overrule appellant's points of error and affirm the judgment
of the trial court.

 We believe it a better practice for us to consider the sufficiency of the evidence at the outset
even though appellant designates it as his second point of error. The evidence favorable to the jury's
verdict shows that during the early morning hours of April 9, 1995, Dennis Sonnenberg was attacked by
a man who grabbed him around the neck and threw him to the ground while another man was hitting him
and asking for his wallet. Sonnenberg removed his wallet and the man who was hitting him took it.

 Prior to the foregoing events, Sonnenberg had gone to the Infinity Lounge, a topless bar
in San Angelo, where he met Rebecca Lawler. After Sonnenberg bought her two drinks, Lawler agreed
to meet Sonnenberg at his machine shop for "sexual purposes." When Lawler arrived at the machine shop,
she stepped out of the car with two men. Lawler told Sonnenberg that she was going to take the men home
before returning to visit Sonnenberg. Instead of Lawler and her two males companions leaving, the
heretofore-described robbery ensued. The evidence reflects that there were four men in the car with
Lawler. Craig Dubose, a witness with two felony convictions, testified he was one of the occupants in
Lawler's vehicle. Dubose stated that he took no part in the offense but saw Lawler, appellant, and his co-defendant Dustin Jordan, kicking Sonnenberg. Subsequently, appellant came to Dubose's house and asked
him if he would go along with his story that he was an innocent bystander and that he got out of the car "to
pull Jordan off the guy."

 Prior to testifying in the instant cause, Jordan had entered a plea of guilty for the instant
offense. He testified that he believed appellant was trying to pull him off of Sonnenberg. Jordan stated that
he and appellant had discussed several options about this case. Jordan acknowledged that he had signed
a stipulation in his trial that he, appellant, and Lawler had robbed Sonnenberg. Like Jordan, Lawler had
pled guilty to the instant offense before testifying in this cause. Lawler, a prior convicted felon, testified that
after arrival at Sonnenberg's shop, she saw appellant, Jordan, and Sonnenberg wrestling. Sonnenberg was
unable to identify any of the people who robbed him. However, Sonnenberg testified that sometime after
the robbery, appellant came by his shop looking for a job. Appellant told him that "he was in the incident
and he--just wished he could remember what happened that night."

 In reviewing the legal sufficiency of the evidence, we must determine whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979). Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in
assessing the evidence, nor is it our place to second guess the determination made by the trier of fact. See
Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.). The trier of
fact (jury in this cause) is in a better place than an appellate court to weigh, accept, or reject all or any
portion of any witness's testimony. It is the duty of this Court to determine if the explicit and implicit
findings by the trier of fact are rational under legal standards to support the conviction. See Adelman v.
State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Appellant notes that Dubose, a twice-convicted felon, was the only witness to corroborate
the testimony of accomplice witnesses Jordan and Lawler. In addition, appellant points to the conflicts in
the testimony throughout the trial. The resolution of inconsistent testimony and the weight to be given a
witness's testimony is within the province of the jury and it is not our position to second guess its
determination. See Aldeman, 828 S.W.2d at 422.

 Appellant asks us to consider the alleged error of the trial court in admitting evidence of
extraneous misconduct in reviewing the sufficiency of the evidence. In considering the sufficiency of the
evidence to support a conviction, a reviewing court must consider all the evidence before the jury, whether
rightly or wrongly admitted. See Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). See
also Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1997).

 Viewing the evidence in the light most favorable to the verdict, we hold that any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Appellant's
second point of error is overruled.

 In his first point of error, appellant contends the trial court abused its discretion in admitting
in evidence appellant's written jail grievance and letters appellant had written Lawler while he was in jail. 
The State proffered appellant's jail grievance for the stated purpose of identifying his handwriting in the
Lawler letters. Appellant urges that the identity of appellant's handwriting was not an issue because Lawler
and appellant testified as to the identity of the letters. Appellant's argument overlooks the fact that the State
could not anticipate that appellant would testify. Nor was it in the position at that phase of the trial to
foresee the nature of Lawler's testimony because she was obviously in a very friendly relationship with
appellant as evidenced by his letters to her. The core of appellant's complaint is that his jail grievance letter
states that appellant "was assaulted with a can of pepper spray" by a jail officer while he was an inmate in
Tom Green County Jail. In a hearing outside the presence of the jury, "jail commander" Odell Denton
testified that one could probably infer that a jailer sprayed an inmate with pepper spray as "some kind of
disciplinary procedure." Appellant's objection that the grievance complaint tended to inject extraneous
misconduct was overruled. However, the trial court advised defense counsel that the grievance complaint
would be admitted for only the purpose of a handwriting comparison. In addition, the jury would be so
instructed at the proper time. When appellant's grievance was introduced before the jury, defense counsel
objected for the reasons "previously stated." The trial court overruled appellant's objection without giving
any limiting instruction. Appellant did not request a limiting instruction at that time, nor did counsel request
such an instruction at any subsequent phase of the trial. "[A] party opposing evidence has the burden of
objecting and requesting the limiting instruction at the introduction of the evidence--once evidence is
received without a proper limiting instruction, it becomes a part of the general evidence in the cause and
may be used as proof to the full extent of its rational persuasive power." Garcia v. State, 887 S.W.2d
862, 878 (Tex. Crim. App. 1994). Consequently, nothing is preserved for review.

 Appellant also contends that there were matters in appellant's letters to Lawler other than
references to the instant cause that had no relevance to the instant cause. Appellant, a prior operator of
a tattoo shop, complains about the giving of the "outlaw tattoo to people he didn't care for" and refers to
"West Texas Outlaws--we'll get the ones who are for real, like Charlie, to ride with us."

 Clearly, the matter of the tattoo and the reference to "West Texas Outlaws" had no
tendency to make more probable the existence of any fact or consequence; therefore, it was not relevant
under Rule 401 of the Texas Rules of Evidence. Prior to the State's introduction of the letters, Lawler
testified without objection that the expression "Outlaws R Forever" was in the letters she had received from
appellant. Lawler explained the foregoing as a "Friendship type of expression between two people." Since
the complained of evidence was not admissible for any purpose, we must conduct a harm analysis. 
Reversal is required, unless after examining the record, it is determined beyond a reasonable doubt that the
error made no contribution to the conviction. Tex. R. App. P. 81(b)(2); Poindexter v. State, 942 S.W.2d
577 (Tex. Crim. App. 1996). Poindexter lists the following factors to be considered in reaching a
decision:


. . . examine the source of the error, the nature of the error, whether or to what extent it
was emphasized by the State, and its probable collateral implications. Further, the court
should consider how much weight a juror would probably place upon the error. In
addition, the court must also determine whether declaring the error harmless would
encourage the State to repeat it with impunity.


Id. 584-85.

 Appellant does not point to nor do we find that the State ever made mention of or
attempted to draw any inferences from the tattoo or the term "West Texas Outlaw." Appellant's affinity
for the term "Outlaw" was already before the jury in Lawler's testimony. Although inconsistent, the
testimony was clearly sufficient to support the conviction. Appellant's letters to Lawler were incriminating
in the sense that they proposed several scenarios directed toward absolving appellant of guilt of robbery. 
After reviewing the evidence, we find beyond a reasonable doubt that appellant's letters made no
contribution to the conviction. Appellant's first point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed

Filed: August 13, 1998

Do Not Publish











* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



 tended to inject extraneous
misconduct was overruled. However, the trial court advised defense counsel that the grievance complaint
would be admitted for only the purpose of a handwriting comparison. In addition, the jury would be so
instructed at the proper time. When appellant's grievance was introduced before the jury, defense counsel
objected for the reasons "previously stated." The trial court overruled appellant's objection without giving
any limiting instruction. Appellant did not request a limiting instruction at that time, nor did counsel request
such an instruction at any subsequent phase of the trial. "[A] party opposing evidence has the burden of
objecting and requesting the limiting instruction at the introduction of the evidence--once evidence is
received without a proper limiting instruction, it becomes a part of the general evidence in the cause and
may be used as proof to the full extent of its rational persuasive power." Garcia v. State, 887 S.W.2d
862, 878 (Tex. Crim. App. 1994). Consequently, nothing is preserved for review.

 Appellant also contends that there were matters in appellant's letters to Lawler other than
references to the instant cause that had no relevance to the instant cause. Appellant, a prior operator of
a tattoo shop, complains about the giving of the "outlaw tattoo to people he didn't care for" and refers to
"West Texas Outlaws--we'll get the ones who are for real, like Charlie, to ride with us."

 Clearly, the matter of the tattoo and the reference to "West Texas Outlaws" had no
tendency to make more probable the existence of any fact or consequence; therefore, it was not relevant
under Rule 401 of the Texas Rules of Evidence. Prior to the State's introduction of the letters, Lawler
testified without objection that the expression "Outlaws R Forever" was in the letters she had receiv