TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00171-CR






Hal Anthony Rothschild, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0980751, HONORABLE FRED A. MOORE, JUDGE PRESIDING






 A jury found appellant guilty of the offense of aggravated promotion of prostitution
under Tex. Penal Code Ann. § 43.04 (West 1994). The trial court assessed punishment, enhanced
by prior felony convictions, at confinement for twelve years. Appellant asserts that the evidence
is legally and factually insufficient to support the conviction. We will affirm.

 "A person commits an offense if he knowingly owns, invests in, finances, controls,
supervises, or manages a prostitution enterprise that uses two or more prostitutes." Id. § 43.04(a). 
The indictment alleged that appellant used three prostitutes, to wit: Heather Kennedy, Sherri
Hawkins, and Belinda Messer. 

 Messer testified that she was in jail at the time of the trial for possession of a
controlled substance, and that she had three convictions for prostitution. Messer first met
appellant while she was working for California Ladies in 1993 or 1994. Approximately three
years later, appellant purchased California Ladies and asked Messer to work for him in his escort
service. At the time appellant hired her, Messer told appellant that she was working as a prostitute
on Congress Avenue. When she was dispatched on escort calls, it was understood that Messer
would pay appellant a fifty-dollar fee. Appellant advised Messer that she was on her own when
she made calls, but in the event of intercourse she should use condoms. Messer brought clients
to appellant's house where she had intercourse with them, and on these occasions she paid
appellant with drugs in lieu of the fifty-dollar fee. Messer overheard appellant tell one of the other
girls that "it was a good idea to always have condoms, not to do it without them." Messer was
aware that appellant picked up a known prostitute, Amber, from jail.

 Cynthia Withers began working for appellant in 1997 after answering an ad for
California Ladies. Appellant told Withers that she would be doing "lingerie modeling, toy shows,
and Torah [sic] shows." Appellant did not explain those "shows" to Withers. Sherri Hawkins,
an employee at California Ladies, sent Withers to a bachelor party where she slept with one of the
customers. Withers paid appellant the required fee. Withers stated that sexual contact was
expected on almost every call she made.

 Sherri Hawkins, an inmate of the Williamson County Jail at the time of trial,
testified that she sent girls on calls while she worked for California Ladies. Upon their return,
a fifty-dollar fee would be paid to appellant. Hawkins stated that appellant told the girls to do a
"legal show." However, Hawkins testified that appellant knew that the girls had worked as
prostitutes on Congress Avenue and that appellant had knowledge that some of the girls were
doing illegal things. On one occasion, appellant set up a date for Hawkins and Heather Kennedy. 
Hawkins and Kennedy both had sex with the customer, and each paid appellant a fifty-dollar fee. 

On another occasion, Hawkins overheard a male prostitute tell appellant that he had sex with a fat
woman. While Hawkins did not discuss sex with appellant, Hawkins stated that appellant knew
that she had had sex with customers on previous calls. Hawkins regularly paid appellant a fifty-dollar fee after she went on a call.

 Austin police officer Rob Tucker obtained a search warrant for appellant's
residence. Documents were seized that detailed what a model should do "on a call for sex." 
Instructions were given on how an employee should act so that appellant would not "know ever
about any sex deals." Police also found information about how the agency would not be linked
to sex, and how to avoid being tape recorded.

 Appellant urges that it is not shown that he knew about any illegal or illicit behavior
that may have occurred during any model's visits. Appellant points to the testimony of the models
who testified that appellant did not know about any illegal behavior. While the evidence shows
that Kennedy and Hawkins performed acts of prostitution while in appellant's employ, appellant
urges that there was no evidence that he knew of the behavior.

 In reviewing the legal sufficiency of the evidence, we must determine whether,
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979). Under the Jackson standard, the reviewing court is not to position
itself as a thirteenth juror in assessing the evidence, nor is it our place to second guess the
determination made by the trier of fact. See Collins v. State, 800 S.W.2d 267, 269 (Tex.
App.--Houston [14th Dist.] 1990, no pet.). The trier of fact (the jury in this cause) is in a better
place than an appellate court to weigh, accept, or reject all or any portion of any witness's
testimony. It is the duty of this Court to determine if the explicit and implicit findings by the trier
of fact are rational under legal standards to support the conviction. See Adelman v. State, 828
S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Appellant hired known prostitutes for his business; appellant's house was used for
prostitution; appellant was paid a fee for the escort calls the women went on; appellant advised
the women to use condoms when they had sex; sex was expected on almost every date that was
made by the escort service; and appellant detailed how his employees were to prevent any link
being made to him about acts of prostitution.

 Viewing the cumulative effect of all of the foregoing circumstances in the light most
favorable to the verdict, we hold that any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Smithwick v. State, 762 S.W.2d 232 (Tex.
App.--Austin 1988, pet. ref'd).

 On appellate review, we may consider factual sufficiency as well as legal
sufficiency. See Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely
filed); see also Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996) (adopting Stone test). 
In Stone, this Court set the following standard for factual review:


[T]he court reviews all the evidence without the prism of "in the light most
favorable to the prosecution." Because the court is not bound to view the evidence
in the light favorable to the prosecution, it may consider the testimony of defense
witnesses and the existence of alternative hypotheses. The court should set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence to
be clearly wrong and unjust. 


823 S.W.2d at 381 (citations omitted).

 Our analysis of appellant's factual challenge to the sufficiency of the evidence
includes the testimony of employees that appellant did not know about their behavior on dates. 
After reviewing all of the evidence and the arguments and the existence of alternative hypotheses,
we conclude that the verdict is not so contrary to the overwhelming weight of the evidence to be
clearly wrong and unjust. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: June 17, 1999

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



police officer Rob Tucker obtained a search warrant for appellant's
residence. Documents were seized that detailed what a model should do "on a call for sex." 
Instructions were given on how an employee should act so that appellant would not "know ever
about any sex deals."