TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00666-CR






John Charles Smith, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-328-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 In a bench trial, appellant was found guilty of one count of attempted aggravated
sexual assault, one count of indecency with a child by contact, and one count of indecency with
a child by exposure. See Tex. Penal Code §§ 22.021 (West Supp. 1999) & 21.11(a)(1), (2) (West
1994). Punishments were assessed at confinement for twenty years on the first count, twenty
years on the second count, and ten years probated on the last count. In a single point of error,
appellant contends that the evidence is legally insufficient to support the conviction because the
sole evidence elicited at trial was appellant's uncorroborated confession. We will affirm.

 Viewing the evidence in the light most favorable to the conviction, it is undisputed
that appellant made non-custodial confessions that he had abused his fifteen-month-old daughter. 
Appellant's confessions related that he would obtain an erection, wrap the victim's legs around 
the erection, and masturbate into her legs. These acts followed appellant's removal of the victim's
diaper. Appellant would ejaculate onto the victim. According to his statements, these acts had
occurred "at least six times over the last six months." All of these events occurred at times when
appellant's live-in mate Bonnie Brie, the mother of the victim, was away from home. Appellant
further volunteered that he was a chronic masturbator and an alcoholic.

 Appellant's initial confession was made to Parents' Anonymous. Following this
report, Round Rock investigator Helen Keesee and Child Protective Service's Amy McIntosh
interviewed appellant at his home. The details of appellant's abuse of his daughter were related
to Keesee and McIntosh, both of whom testified at trial. Keesee testified that appellant told her
that he did not think that he touched the victim's vaginal area, but that he got close to it.

 Brie testified that appellant had a fetish about diapers. Appellant used diapers as
a sexual aid to ejaculation. The victim had a "soft" that she kept with her until it disappeared a
few months before appellant's confession. A "soft" was described as a soft piece of cloth cut
from an old "nightie or sheet." Brie found the "soft" with dried semen on it in appellant's trunk. 
Jail Captain Robert Webster identified photographs of children that appellant kept in his jail cell. 
One of the photographs was of the victim in a diaper and another was of the victim in the nude.

 In reviewing the legal sufficiency of the evidence, we must determine whether,
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979). Under the Jackson standard, the reviewing court is not to
position itself as a thirteenth juror in assessing the evidence, nor is it our place to second guess
the determination made by the trier of fact. See Collins v. State, 800 S.W.2d 267, 269 (Tex.
App.--Houston [14th Dist.] 1990, no pet.). The trier of fact (the court in this cause) is in a better
place than an appellate court to weight, accept, or reject all or any portion of any witness's
testimony. It is the duty of this Court to determine if the explicit and implicit findings by the trier
of fact are rational under legal standards to support the conviction. See Adelman v. State, 828
S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Appellant urges that the corpus delicti is not established by evidence independent
of the extrajudicial confessions. Under the corpus delicti rule, our task as a reviewing court is
to consider all the evidence, other than the extrajudicial confession, in the light most favorable
to the conviction to determine whether the evidence tended to show that the crime was committed. 
See Fisher v. State, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993). Such evidence need not be
sufficient by itself to prove the corpus delicti. See Valore v. State, 545 S.W.2d 477, 479 (Tex.
Crim. App. 1977). Even though the circumstances are ambiguous in some respects and far from
adequate to support the conclusions they imply, "the evidence required for corroboration of an
extrajudicial confession need only render the corpus delicti more probable than it would be
without the evidence." Gribble v. State, 808 S.W.2d 65, 73 (Tex. Crim. App. 1990).

 Independent of appellant's extrajudicial confession, it was shown that appellant had
a diaper fetish that involved sexual arousal; appellant was a chronic masturbator; the victim's
"soft" was in appellant's possession with dried semen on it; and appellant had photographs of the
victim in the nude and in diapers in his jail cell. We hold that this evidence furnished sufficient
corroboration of appellant's extrajudicial confession and rendered the corpus delicti more probable
than it would have been without the evidence. Appellant's point of error is overruled.


 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: October 28, 1999

Do Not Publish






















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



ator and an alcoholic.

 Appellant's initial confession was made to Parents' Anonymous. Following this
report, Round Rock investigator Helen Keesee and Child Protective Service's Amy McIntosh
interviewed appellant at his home. The details of appellant's abuse of his daughter were related
to Keesee and McIntosh, both of whom testified at trial. Keesee testified that appellant told her
that he did not think that he touched the victim's vaginal area, but that he got close to it.

 Brie testified that appellant had a fetish about diapers. Appellant used diapers as
a sexual aid to ejaculation. The victim had a "soft" that she kept with her until it disappeared a
few months before appellant's confession. A "soft" was described as a soft piece of cloth cut
from an old "nightie or sheet." Brie found the "soft" with dried semen on it in appellant's trunk. 
Jail Captain Robert Webster identified photographs of children that appellant kept in his jail cell. 
One of the photographs was of the victim in a diaper and another was of the victim in the nude.

 In reviewing the legal sufficiency of the evidence, we must determine whether,
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979). Under the Jackson standard, the reviewing court is not to
position itself as a thirteenth juror in assessing the evidence, nor is it our place to second guess
the determination made by the trier of fact. See Collins v. State, 800 S.W.2d 267, 269 (Tex.
App.--Houston [14th Dist.] 1990, no pet.). The trier of fact (the court in this cause) is in a better
place than an appellate court to weight, accept, or reject all or any portion of any witness's
testimony. It is the duty of this Court to determine if the explicit and implicit findings by the trier
of fact are rational under legal standards to support the conviction. See Adelman v. State, 828
S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Appellant urges that the corpus delicti is not established by evidence independent
of t