**Affirmed and Memorandum Opinion filed August 20, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00767-CR

**CURTIS ELL WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1372505**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Curtis Ell White of aggravated robbery and assessed punishment at 25 years' imprisonment. Appellant contends (1) the evidence is legally insufficient because he lacked the requisite intent to commit a robbery, and (2) the trial court erred by denying a motion to suppress appellant's statements because they were involuntary due to his intoxication. We affirm.

# I. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient because the State's evidence establishes that appellant's intent was to recover money owed to him from a relative of the complainant, not to rob the complainant. Appellant argues that he intended "only to recover property he believed rightfully belonged to him." Appellant does not challenge the evidence that he entered the complainant's home with others while wearing a mask and armed with a gun, the men demanded money and access to a safe, and the complainant was afraid and felt like she was facing death.

Even if the evidence conclusively supported appellant's argument that he intended to recover money owed to him, a creditor may still be guilty of robbery if he assaults a debtor to collect a debt. *See Crawford v. State*, 509 S.W.2d 582, 584–85 (Tex. Crim. App. 1974) (overruling prior precedent, refusing to establish a "dangerous doctrine" that would authorize a defendant to enforce the collection of a debt by force and violence); *Collins v. State*, 800 S.W.2d 267, 269 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (legally sufficient evidence of aggravated robbery when the defendant collected a debt by "demanding payment with a shotgun"); *see also Pierce v. State*, 218 S.W.3d 211, 215 (Tex. App.—Texarkana 2007, pet. ref'd) (legally sufficient evidence of aggravated robbery; reasoning that a "creditor who collects a debt by use of force can commit aggravated robbery," and "[b]eing in the position of a creditor does not endow the creditor with the right to commit mayhem to collect a debt"); *Armstrong v. State*, 179 S.W.3d 84, 88 (Tex. App.—Fort Worth 2005, no pet.) (holding there was evidence of robbery when the defendant went to the complainant's house to collect a debt, fought with the complainant, pulled a knife on the complainant, and told the complainant to give the defendant money).

Appellant's argument that the evidence is legally insufficient because he intended merely to collect a debt lacks merit. Appellant's first issue is overruled.

## II.   MOTION TO SUPPRESS

In his second issue, appellant contends the trial court erred by denying a motion to suppress appellant's statements made during a custodial interrogation after waiving his rights to silence and counsel. Appellant argues that his statements were involuntary due to intoxication.

### A.   Background

At the suppression hearing, the trial court heard testimony from appellant and the interrogating police officer, Jeremy Curtis. Appellant testified that he took thirty pills of "Loracets and Somas" on the day of his arrest, he took ten pills immediately before the robbery, and he snuck some pills into the jail to take before the interrogation. He testified that the interrogation occurred about six or seven hours after his arrest, and he was under the influence of narcotics at the time. He testified that he was intoxicated during the interrogation, although he is "kind of immune" to the pills.

Curtis testified that nothing about his conversation with appellant made Curtis think that appellant was intoxicated. Curtis was looking for slurred speech, signs of sleepiness, or hyperactivity. But appellant was very lucid, very calm, and had a normal demeanor. Curtis believed appellant had been in the jail for about eight or nine hours before the interrogation. Also, a video recording of the interrogation was admitted into evidence.

After the hearing, the trial court denied the motion and signed findings of fact in pertinent part as follows:

15. The defendant was not intoxicated during the interview.

3

16. The defendant was lucid and calm during the interview. He had a normal demeanor. He did not slur his words or appear sleepy. He was not disoriented.

17. The defendant gave his statement after knowingly, intelligently, and voluntarily waiving his rights.

18. The Court finds Officer Curtis was credible and believes his testimony

19. The Court does not find the defendant to have been a credible witness and does not believe his claim that his drug use affected his mental state at the time of the interview.

The trial court concluded that appellant "gave his statement freely and voluntarily," and appellant "knowingly, intelligently, and voluntarily waived his rights."

## B. Standard of Review

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We give almost total deference to the trial court's determination of historical facts and to the trial court's application of law to fact questions that turn upon credibility and demeanor. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). Whether a statement is voluntary is a mixed question of law and fact that may depend upon credibility and demeanor. *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000).

The trial court is the sole finder of fact and judge of the credibility of witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). This deferential standard similarly applies when the trial court's determinations are based on a video recording admitted into evidence at a suppression hearing. *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006). When the trial court signs findings of fact, as here, we view the

4

evidence in the light most favorable to the trial court's ruling and determine whether the record supports the trial court's findings. *Banda v. State*, 317 S.W.3d 903, 907 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## C. Voluntariness of Statements and Evidence of Intoxication

Under Section 6 of Article 38.22 of the Code of Criminal Procedure—the "general voluntariness" provision—a defendant may claim that his or her statement was not freely and voluntarily made and thus may not be used as inculpatory evidence. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). The general voluntariness provision "protect[s] people from themselves because the focus is upon whether the defendant voluntarily made the statement," and police overreaching is not required to claim involuntariness. *Id.* at 172. The issues are whether the statement was freely and voluntarily made without compulsion or persuasion and whether the defendant waived his rights knowingly, intelligently, and voluntarily. *See id.*

The voluntariness of a statement is assessed by considering the totality of the circumstances under which the statement was obtained. *Paolilla v. State*, 342 S.W.3d 783, 792 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Although relevant, evidence of intoxication does not necessarily render a statement involuntary. *Id.*; *see also Oursbourn*, 259 S.W.3d at 173 (intoxication is usually not enough by itself to render a statement inadmissible, but it is a factor to consider). When there is evidence of the defendant's use of narcotics, medications, or other mind-altering agents, the question becomes whether those intoxicants prevented the defendant from making an informed and independent decision. *Paolilla*, 342 S.W.3d at 792 (citing *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996)).

**D.     Analysis**

The trial court's findings are supported by the record. In particular, the trial court found that appellant was not intoxicated. The trial court could have reasonably made this finding based on Officer Curtis's testimony and the trial court's review of the recorded interrogation. Curtis testified that nothing about appellant made Curtis believe appellant was intoxicated, and the trial court specifically found Curtis credible and appellant not credible. Contrary to appellant's assertions on appeal, the recording of the interrogation does not clearly show him having slurred speech or exhibiting confused and incoherent behavior. Rather, the recorded interrogation supports the trial court's findings regarding appellant's lucid and normal demeanor and lack of intoxication.

Because the trial court's findings regarding intoxication are supported by the record and appellant points to no other factor to render his statements involuntary, we hold that the trial court did not abuse its discretion when denying appellant's motion to suppress.

Appellant's second issue is overruled.

### III.  CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/     Sharon McCally
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

6